In the Matter of YONKERS PLUMBING & HEATING SUPPLY CORPORATION et al., Petitioners, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission, Respondents.

Third Department, April 6, 1978

**APPEARANCES OF COUNSEL**

*Hancock, Estabrook, Ryan, Shove & Hust (Joseph H. Murphy* of counsel), for petitioners.

*Louis J. Lefkowitz, Attorney-General (Nigel G. Wright* and *Ruth Kessler Toch* of counsel), for respondents.

## OPINION OF THE COURT

MIKOLL, J.

The issues raised in this proceeding deal with whether the petitioner is entitled to a tax credit pursuant to the Tax Law for sales taxes paid in full on sales to a buyer who subsequently defaults in payment and which amount becomes uncollectible; whether the sample month procedure utilized in an audit of sales claimed to be tax exempt was proper; and whether the petitioner bore its burden of proof on the tax-exempt status of purchases disallowed in the audit.

The petitioner made various open account sales to Clemente Plumbing Company (Clemente) from August 1, 1965 to February 24, 1969. On February 24, 1969, Clemente made an assignment for the benefit of creditors. The petitioner was owed $120,163.12 which became uncollectible. The petitioner had remitted to the State all local and State sales and/or compensating use taxes on its sales to Clemente. In its sales tax return for the quarter ending February 28, 1969 petitioner claimed $4,245.25 as a credit against current taxes. This amount represents the sales tax paid by petitioner on sales to Clemente which have become uncollectible. The State Tax Commission disallowed the credit on the ground that petitioner had collected from Clemente an amount in excess of the entire sales tax due.

Subdivision (e) of section 1132 of the Tax Law provided: "The tax commission may provide, by regulation, for the exclusion from taxable receipts, amusement charges or rents of amounts representing sales where the contract of sale has been cancelled, the property returned or the receipt, charge or rent has been ascertained to be uncollectible or, in case the tax has been paid upon such receipt, charge or rent, for refund of or credit for the tax so paid. Where the tax commission provides for a credit for the tax so paid, it shall require an application for credit to be filed, but it may also allow the applicant to immediately take the credit on the return which is due coincident with or immediately subsequent to the time the applicant files his application for credit. However, the taking of the credit on the return shall be deemed to be part of the application for credit and shall be subject to the provisions in respect to applications for credit in section

eleven hundred thirty-nine as provided in subdivision (e) of such section."

The version of the regulation in effect during the period in question here reads as follows (20 NYCRR 525.5 [a], eff June 1, 1966 through Nov. 30, 1974): "General. Where a contract of sale has been canceled, the property returned or the receipt, amusement charge or hotel rent has been ascertained to be uncollectible, a vendor of tangible personal property or services, a recipient of amusement charges or an operator of a hotel (as defined in section 1101 of the Tax Law) may exclude such receipts, charges or rents from his return. Where the tax has been paid and reported in a return, an application for refund of or credit for the tax paid upon said receipt, charge or rent shall be filed with the State Tax Commission within three years from the date when the tax was payable by such person to the Tax Commission. The applicant may, as part of the application for credit, take the credit on the return which is due coincident with or immediately subsequent to the time such application is filed."

The determination of the State Tax Commission, tracking the position taken by the Sales Tax Bureau, held that: "B. * * * section 1132(d) of the tax Law provides that the assumption that the first cash received by the vendor is for the entire sales tax can be overcome only by the State Tax Commission by regulation. Prior to November, 1974, when the regulation was amended effective December 1, 1974, 20 N.Y.C.R.R. 525.5 provided that uncollectible accounts shall reduce gross sales only where the vendor would otherwise lose money by being required to pay the State more than he had collected from the purchaser."

■ The effect of the commission's interpretation of the regulation purports to mandate that 100% of the tax must be collected before a vendor receives any money. It is inconceivable that the Legislature intended to tax a sale never consummated. The refusal to allow the credit is irrational and unreasonable (Matter of Howard v Wyman, 28 NY2d 434). Accordingly, the $4,245.25 credit should be allowed together with the penalty and interest thereon of $1,740.55, all of which should be deducted from the deficiency assessment.

Passing now to petitioner's claim that the short-cut sample method used in the audit was inappropriate because petitioner's records were adequate and available to make an accurate audit and not so voluminous as to be burdensome, we note

that section 1138 of the Tax Law provides as follows: "Determination of tax.—(a) If a return required by this article is not filed, or if a return when filed is incorrect or insufficient, the amount of tax due shall be determined by the tax commission from such information as may be available. *If necessary*, the tax may be estimated on the basis of external indices, such as stock on hand, purchases, rental paid, number of rooms, location, scale of rents or charges, comparable rents or charges, type of accommodations and service, number of employees or other factors. Notice of such determination shall be given to the person liable for the collection or payment of the tax." (Emphasis added.)

■ There is no inflexible rule that an item-by-item audit be made whenever it is possible but, it should be utilized if the records are available and the test check method is insufficient to afford a reasonable calculation of the taxes due. One month's figures are being used here and the extrapolation involved five large sales. Thus, a difference in one or two disallowed sales could have a large effect on the accuracy of the projection. Under these circumstances the test period was not sufficient as a reasonable and fair sample to base a 58-month projection.

Petitioner as an adjunct to the claim of the inadequacy of the sample contends that items were disallowed as to which petitioner sustained its burden of proof as to their exempt status. We agree as to a sale of $323.04 to Israel Senior Citizen's Housing for which sale an exemption certificate was received by Clemente and produced. As to the others, the petitioner has not sustained its burden of proof that these transactions were exempt.

The determination should be annulled, with costs, and matter remitted for further proceedings not inconsistent herewith.

HERLIHY, J. (concurring in part and dissenting in part). I concur in the decision of the majority as to the inappropriateness of the sample technique in this case involving tax-exempt sales and the finding that as to the sale of $323.04 to Israel Senior Citizen's Housing the determination of the commission is without the support of any substantial evidence.

However, I do not agree that the petitioner was entitled to claim a credit or refund for taxes paid for the indebtedness of $120,163.12 owed to the petitioner by Clemente Plumbing

Company and deemed uncollectible for the purpose of these proceedings. The Legislature clearly anticipated in subdivision (e) of section 1132 of the Tax Law (quoted in full in the majority decision) that as to certain transactions a vendor might be entitled to relief: "The tax commission *may* provide, by regulation, for the exclusion from taxable receipts * * * of amounts *representing sales* where the *contract of sale* has been cancelled, the *property* returned or the *receipt* * * * has been ascertained to be uncollectible or, in case the tax has been paid * * * for *refund* of or credit for the tax so paid." (Emphasis added.) The statutory language does not in any fashion suggest that as a matter of right a taxpayer is entitled to a credit for taxes paid upon sales when later the purchaser does not pay for the goods. In any event, the statute and the regulation as quoted by the majority upon their face relate to sales where the "receipt" has been uncollectible and upon the present record the petitioner has not established that any particular "receipt" has become uncollectible.

This record establishes that there was a completed sale as to items transferred to Clemente and the "open account" simply is a method of financing. Under such circumstances, I cannot agree with the assertion in the majority decision that there is herein a tax upon "a sale never consummated".

Effective December 1, 1974, the commission has amended its regulation (20 NYCRR 525.5) so as to allow a credit for "partly uncollectible" receipts, *but* it should be noted that the amended regulation would not upon its face permit a proportionate credit as to a balance upon an open account which involved many individual sales.

The determination should be modified by confirming so much thereof as denied the application for a credit or refund upon the Clemente uncollectible indebtedness and by annulling the remainder thereof with remittal for further proceedings.

GREENBLOTT, J. P., SWEENEY and MAIN, JJ., concur with MIKOLL, J.; HERLIHY, J., concurs in part and dissents in part in a separate opinion.

Determination annulled, with costs, and matter remitted for further proceedings not inconsistent herewith.