■ In the Matter of ABRAHAM & STRAUSS, a Division of Federated Department Stores, Inc., Petitioner, v JAMES H. TULLY et al., Constituting the State Tax Commission, Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which disallowed deductions for uncollectible bad debts incurred on credit sales which petitioner had taken on its sales tax returns. Petitioner claimed as deductions from its gross sales subject to sales tax, amounts attributable to uncollectible bad debts incurred on credit sales, on its sales tax returns filed for the periods ending August 31, 1965 through August 31, 1968. After an audit, the Sales Tax Bureau disallowed these deductions and demanded payment of additional sales tax, together with

penalty and interest. Upon review by the commission on agreed facts the disallowance was sustained, but without imposition of any penalty or excess interest, and this proceeding ensued. The commission's determination is based upon the assumption "that the first cash received by a vendor was for the entire sales tax due on the sale" and its ruling that "[uncollectible] accounts shall reduce gross sales only where the vendor would otherwise lose money by being required to pay the State more than he collected from the purchaser." On the authority of *Matter of Yonkers Plumbing & Heating Supply Corp. v Tully,* (62 AD2d 18, app dsmd 44 NY2d 949) where we considered the issues raised on this appeal, we hold that the commission's determination herein, disallowing deductions for uncollectible debts incurred on credit sales, is irrational and unreasonable and must be annulled. Determination annulled, with costs, and matter remitted for further proceedings not inconsistent herewith. Greenblott, J. P., Kane, Main and Mikoll, JJ., concur; Herlihy, J., concurs in the following memorandum. Herlihy, J. (concurring). I concur in the result; however, I do not agree that as to those items which are simply open credit accounts there should be any tax credit from a failure of the customers to pay the sum or sums due and would adhere to my dissent in *Matter of Yonkers Plumbing & Heating Supply Corp. v Tully (supra).* The majority insists that as a matter of law the commission could not provide by regulation that the moneys received by a vendor be applied entirely to sales taxes without any credit. Nevertheless, the Legislature has imposed the tax upon all "sales" and insofar as the performance by the vendee might not fulfill his obligation as purchaser, the Legislature in unambiguous language left the question of credits to the discretion of the commission. In my opinion, the commission need not provide for any credit or refund process and to the extent that vendors are allowed *any* such credit or refund based on unfulfilled contractual duties, such vendors receive the same as a matter of discretion and not as a matter of statutory exemption. The facts in the present case as set forth in the decision of the commission indicate that there were simply open credit transactions and that there were also adjustments made on an individual sale by sale basis. To the extent that the sales and credits are identifiable as individual transactions, the regulations of the commission together with the provisions of subdivision (e) of section 1132 of the Tax Law would permit the allowance of a credit. Accordingly, the decision should be annulled and there must be a remittal to redetermine the credit allowable and/or the amount of deficiency payable.